150 So. 5

**PSAYLA v. THOMAS.**

No. 31488.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Frank Wm. Hart, of New Orleans, for appellant.

Harold A. Moise, of New Orleans, for appellee.

BRUNOT, Justice.

This is an appeal from a judgment dismissing the plaintiff's suit with costs. The suit is for $3,620, with legal interest thereon from August 6, 1924. The sum claimed is the alleged balance due the plaintiff for dental services to the defendant, his wife, his minor children, and his mother-in-law, under oral agreements entered into in 1916 and 1918, in which no amount, as compensation for the services to be rendered, was agreed upon or discussed.

When the petition was served the defendant filed an exception of vagueness thereto, and in response to an order of the court rendered on the hearing of the exception, the plaintiff filed a supplemental and amended petition. In the answer, the defendant joins issue on all the allegations of the original and supplemental petitions, which relate to the plaintiff's demands, and he denies that he is indebted to the plaintiff in any sum whatever. During the trial of the case the defendant pleaded, in the alternative, the prescription of one, two, and three years, relying upon the prescription of three years, applicable to unacknowledged open accounts of professional men. R. C. C. art 3538.

The trial terminated in a judgment maintaining the plea of prescription, holding that

the law and the evidence, on the merits of the case, were favorable to the defendant, and dismissing the suit at plaintiff's cost.

The plea of prescription presents a mixed question of law and fact, but the case, on the merits, presents questions of fact only. It is the settled jurisprudence of this state that the trial judge's findings of fact are entitled to great weight. This is especially true when oral testimony is relied upon, because the judge, as a rule, has the witnesses in his presence and observes their demeanor while they are testifying. Hence he can more accurately determine their credibility and the accuracy of their statements than is possible of ascertainment by an appellate court with nothing before it but a written transcript.

From the oral evidence in this case, as it appears in the transcript, we find that plaintiff's course of conduct toward the defendant was so at variance with business methods as to call for close scrutiny of his testimony. For instance, during the years of their business relations, the defendant made twenty-two payments of $100 each to plaintiff, and it is shown that not once during that time, nor thereafter until defendant had ceased to avail himself of plaintiff's services did the plaintiff bill the defendant for any sum, or claim any unliquidated balance of the account. The defendant testified that as he made payments he requested the plaintiff's bill, and that the plaintiff's invariable response to the request was that everything was all right. This testimony is corroborated by one of the defendant's sons. Furthermore, the plaintiff admits that he rendered no bill to the defendant until 1925. He denies that any request for a bill was made,

but the testimony of Thomas and his son is supported by the disclosed circumstances, and plaintiff's unsupported denial is unavailing.

On several other material points, the plaintiff's testimony, and the testimony offered in rebuttal of it, is widely variant and irreconcilable. For illustration, the plaintiff testified that he installed twenty-four gold inlays in the mouth of one of the defendant's sons. The boy was produced in court and was examined by Dr. Mansburg, a reputable dentist, who could find only eight gold inlays in his mouth. The plaintiff testified that he had straightened the teeth of another son of the defendant. The youth was produced in court and was also examined by Dr. Mansburg, who testified that if the boy's teeth had been straightened, it is not probable that they would have been, from natural causes, in the condition the witness found them. The boy himself testified that his teeth were in the same condition they were in when the plaintiff discharged him.

Our appreciation of the testimony, as a whole, without the advantage of personal observation of the witnesses while on the stand, leads us to conclude with reasonable certainty that the learned trial judge correctly resolved the facts and properly decided the case on the merits. We have also reached the conclusion that the payment delivered to the plaintiff by the defendant's son some time prior to the rendition of the bill forwarded to the defendant by mail in 1925, although this payment was made within the prescriptive period pleaded, was not, under the facts and uncontroverted circumstances of the case, an acknowledgment of the account; but, as we find

that the decision on the merits is correct, that phase of the case need not be discussed.

For the reasons stated, the judgment is affirmed, at appellant's cost.